Jerome H. Mooney (SBN: 199542)
jerrym@mooneylaw.com
Rebekah F. Frushtick (SBN: 250757)
RFF@wgdlaw.com
Weston, Garrou & Mooney
12121 Wilshire Boulevard, Suite 525
Los Angeles, California 90025-1176
Phone: (310) 442-0072
Facsimile: (310) 442-0899   **NOTE: CHANGES MADE BY THE COURT**

**Attorneys for Defendants**,
B. DAVIS DISTRIBUTING, INC., BRETT DAVIS,
& JANAE DAVIS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDY CLUB, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>B. DAVIS DISTRIBUTING, INC., d/b/a THE NUT GARDEN, a Utah Corporation; BRETT DAVIS, an individual; JANAE DAVIS, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:22-cv-07933-ODW(SK)<br>Hon. Otis D. Wright II<br><br>[DISCOVERY MATTER]<br>MAGISTRATE JUDGE STEVE KIM<br><br>STIPULATED PROTECTIVE ORDER **EXCEPT AS MODIFIED BY THE COURT** |

1. A. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may

be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal. Specifically, the parties acknowledge that they must comply with Civil Local Rule 79-5.2.2(b) with respect to any documents marked as Confidential or Highly Confidential pursuant to this Stipulated Protective Order.

B. <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve trade secrets, customer data and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), system design, database design, algorithms, technology, technical data or information, vendor agreements, personnel files, claim/litigation information, nonpublic policies and procedures, personal identifying information, sensitive personal information, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state, federal, or foreign statutes, regulations, court rules, case decisions, or common law

(including but not limited to California Consumer Privacy Act, EU's General Data Protection Regulation, and Canada's Consumer Privacy Protection Act), or any other information that a party is obligated to preserve as confidential, including all information compiled, derived, excerpted, or generated from such materials.. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled or required to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.  DEFINITIONS

   2.1   Action:  This pending federal lawsuit, CANDY CLUB, LLC v. B. DAVIS DISTRIBUTING, INC., et. al. Case No. 2:22-cv-07933-ODW(SK).

   2.2   Challenging Party:  A Party or Non-Party that challenges the designation of information or items under this Order.

   2.3   "CONFIDENTIAL" Information or Items:  Information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

   2.4   Counsel:  Outside Counsel of Record and In-House Counsel (as well as their support staff).

   2.5   Outside Counsel of Record:  Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action or are affiliated with a law firm which has appeared on behalf of that party and includes

support staff.

2.6     Designating Party:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or 'HIGHLY CONFIDENTIAL."

2.7     Disclosure or Discovery Material:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8     Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9     "HIGHLY CONFIDENTIAL" Information or Items:  Information (regardless of how it is generated, stored or maintained) or tangible things considered in good faith by the Disclosing Party to be extremely sensitive, including but not limited to confidential development and marketing information, the disclosure of which to another Party or Non-Party would create a substantial risk of harm that could not be avoided by less restrictive means and/or other information that is competitively sensitive.

2.10    In-House Counsel:  Attorneys who are employees of a party to this Action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Party:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

2.13    Privileged Material:  Any Disclosure or Discovery Material that is, or that the Producing Party asserts is, protected from disclosure by a privilege or other

4

immunity from discovery, including without limitation, the attorney-client privilege, the work product privilege, or the joint defense or common interest privilege.

2.14 <u>Producing Party:</u> A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.15 <u>Professional Vendors:</u> Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16 <u>Protected Material:</u> Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" including all copies, electronic images, duplicates, extracts, summaries, or descriptions that are generated from or contain information obtained from any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.17 <u>Receiving Party:</u> A Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (a) any information copied or extracted from Protected Material; (b) all copies, excerpts, summaries, or compilations of Protected Material; and (c) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial. Nothing in this Order shall be construed as an agreement by any Party as to whether any other Party will be able to demonstrate good cause to seal any material in any filing on the docket or at trial.

4. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (a) dismissal of all claims and defenses in this Action, with or without prejudice; and (b) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

    5.1 <u>Exercise of Restraint and Care in Designating Material for Protection.</u>

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

(a)

    5.2 <u>Manner and Timing of Designations.</u> Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this

Order requires: for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (hereinafter "CONFIDENTIAL or HIGHLY CONFIDENTIAL legend"), to each page that contains protected material. In the event that an entire document is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the non-Designating Party, upon appropriate notice by identifying the specific Bates-number of the document at issue, may make reasonable requests to the Designating Party to identify the protected portion(s) of the document. The Designating Party agrees that when such a request is made, the Designating Party will review the document, and if only portion(s) of the document are protected, will designate those portion(s) as confidential and will de-designate those portion(s) that do not require protection. The Designating Party will conduct the foregoing review, and respond to the non-Designating Party, including providing any designations, within five business days after the request is received, unless additional time is reasonably required and agreed upon by the Parties. Nothing herein is intended to limit the parties' rights under Section 6 below.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL or HIGHLY CONFIDENTIAL legend" to

each page that contains Protected Material.

~~(a)~~   (b) for testimony given in depositions or in other pretrial proceedings, that the Designating Party may either

(1) identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony; or

(2) designate the entirety of the testimony at the deposition as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (before the deposition is concluded) with the obligation to identify specific portions of the testimony as to which protection is sought within 30 days following receipt of the deposition transcript.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3   <u>Inadvertent Failures to Designate.</u>  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon a timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1   <u>Timing of Challenges.</u>   Any Party or Non-Party may challenge a designation of confidentiality at any time <span style="color:red">that is consistent with the Court's Scheduling Order</span>.  ~~Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation,~~

~~a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.~~

6.2     Meet and Confer.  The Challenging Party Shall initiate the dispute resolution process under Local Rule 37-1 et seq. or follow the procedures for informal, telephonic discovery hearings on the Court's website.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous  designations of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or challenges to same, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties), may expose the Designating Party or Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  Unless otherwise agreed, when the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated

"CONFIDENTIAL" only to:

    (a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

  (b) the officers, directors, and /or their equivalent under foreign law of the Receiving Party to whom disclosure is reasonably necessary for this Action;

  (c)   the Parties;

    (d)   the employees and consultants (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

    (e) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (f) the Court and its personnel;

    (g) Court reporters and their staff;

    (h) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (i) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

    (j) during their depositions, witnesses in the Action to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(k) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3     Disclosure of "HIGHLY CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the Court and its personnel;

(d) Court reporters and their staff;

(e) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g) during their depositions, witnesses in the Action to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from

seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Party or Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve or cause the deletion of all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of

all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). The inadvertent production of privileged or work-product protected documents, electronically stored information ("ESI") or information is not on its own a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. If the Receiving Party has reason to believe that a produced document or other information may reasonably be subject to a claim of privilege or is otherwise protected, the Receiving Party shall promptly notify the Producing Party, as well as any other party who also received the document in discovery. Each party who received the document must then return the document or make reasonable efforts to destroy it and certify to the Producing Party that reasonable efforts have been made to destroy it. Nothing in this Order is intended to shift the burden to identify privileged and protected documents from the Producing Party to the Receiving Party(ies).

Any Party or non-Party that inadvertently discloses or produces a document, ESI, or information that it considers privileged or otherwise protected from discovery will, promptly upon discovery of the disclosure or production, give notice to the Receiving Party, identifying the document, ESI, or information in question; the asserted privilege or protection; and the grounds therefor.

Upon receipt of notice of the assertion of privilege or protection over produced documents, ESI, or information, the Receiving Party will:

(a) to whatever extent it contests the assertion of privilege or protection, promptly so notify the Producing Party or non-party, and maintain the contested documents and ESI in confidence pending resolution of the contest by the Parties or the Court; and

(b) to whatever extent the Receiving Party does not contest the assertion of privilege or protection, promptly certify in writing to the Producing Party or non-party that it has returned or destroyed the applicable document(s), ESI, and/or information, and has made reasonably diligent efforts to identify and destroy each copy thereof and all information derived therefrom.

In the event of a contested assertion of privilege or protection over produced documents that cannot be resolved amicably after meeting and conferring in good faith, the Producing Party may promptly seek resolution of the matter in accordance with Court's Local Rules and the Federal Rules of Civil Procedure, including by seeking in camera review.

12. MISCELLANEOUS

12.1 Right to Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any other right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may be filed under seal only pursuant to a court order authorizing the sealing of the

specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13. <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; and (2) affirms that the Receiving Party has not retained any copies (including in digital format), abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14. <u>VIOLATION OF ORDER</u>

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH THE COUNSEL OF RECORD.

DATED: May 5, 2023  By:   /s/ *Jerome H. Mooney*

**Jerome H. Mooney**

Attorney for Defendants

DATED: May 5, 2023  By:   /s/ *Alesha M. Dominique*

**Alesha M. Dominique**

Attorneys for Plaintiff

The court, having considered the parties' Stipulated Protective order, and good cause appearing the Stipulated Protective Order is approved and adopted.

DATED: May 11, 2023  _____

Steve Kim, U.S. Magistrate Judge

17

## **LOCAL RULES-4.3.4(a)(2)(i) CERTIFICATION**

The undersigned attests that all other signatories listed above on whose behalf this filing is submitted concur in the filing's content and have authorized the filing.

**Weston, Garrou & Mooney**

By: __/s/ *Jerome H. Mooney*_____

**Jerome H. Mooney**
Attorney for Defendants

EXHIBIT A

ACKNOWLEDGMENT

AND

AGREEMENT TO BE BOUND

The undersigned acknowledges that he/she has read the Protective Order attached hereto, understands the terms thereof, and agrees to be bound by its terms, The undersigned understands that the terms of the Protective Order obligate him/her to use documents designated **CONFIDENTIAL** and/or **HIGHLY CONFIDENTIAL** in accordance with the Order, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

The undersigned further agrees to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

_____
Printed Name

Date: _____   _____
Signature